**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Joshua Bauss,**

      **Plaintiff,**                        CIVIL ACTION NO. 12-CV-12533

      vs.                                 DISTRICT JUDGE JULIAN ABELE COOK

                                          MAGISTRATE JUDGE MONA K. MAJZOUB

**A-1 Bail Bond Agency, Inc., et al.**

      **Defendants.**

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY EX-PARTE MOTION TO ORDER PRODUCTION OF UNREDACTED POLICE REPORT**

     Before the Court is Plaintiff Joshua Bauss's Emergency Ex-Parte Motion to Order Production of Unredacted Police Report in case number 10-8566 from the Sterling Heights Police Department. (Docket no. 4.) No response has been filed. Plaintiff has filed a Supplemental Brief. (Docket no. 20.) The motion has been referred to the undersigned for action. (Docket no. 5). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

     Plaintiff's claim under 42 U.S.C. 1983 arises from an altercation on June 12, 2010, with a group of individuals (the John Doe Defendants) hired by Defendant A-1 Bail Bond Agency to apprehend Plaintiff after Defendant Maddock revoked a bond provided to secure Plaintiff's pretrial release on another matter. (*See* docket no 1 ¶¶ 10 - 19.) It appears that Sterling Heights police officers arrived on the scene and took the John Doe Defendants into custody. (*Id.* ¶¶ 17-21.)

On May 15, 2012, Plaintiff filed a Freedom of Information Act request with the Sterling Heights Police Department requesting a copy of "all documents and tangible things related to the incident giving rise to this litigation." (Docket no. 4 ¶ 6.) Plaintiff filed a similar request with the Macomb County Prosecutor's Office on May 22, 2012. (*Id.* ¶ 8.) The Prosecutor's office did not respond, but the Sterling Heights Police Department provided Plaintiff with a copy of the requested documents; the names and contact information for Plaintiff's assailants, however, had been redacted. (*Id.* ¶ 7.)

Plaintiff filed his Complaint on June 11, 2012. (Docket no. 1.) The next day, he filed this ex-parte motion for an unredacted copy of the documents in an effort to discover the names and addresses of his assailants so that he could include them as parties in this matter and properly serve them. (*Id.* ¶ 12.) On September 10, 2012, Plaintiff filed an Amended Complaint adding Defendants Bob Eskamalji, William Lockhart, Brandon Thomas, and Criminals Apprehension, LLC. (Docket no. 14.)

Plaintiff contends that he has been able to identify Defendants Eskamalaji, Lockhart, and Thomas as the individuals who assaulted him on June 12, 2010. (*Id.* at 2.) Nevertheless, he has only been able to properly serve Defendants Eskamalaji and Lockhart because he has been unable to completely identify Defendant Thomas. (*Id.*) Plaintiff asserts that he would be able to properly identify Defendant Thomas if he had an unredacted copy of the police report. (*Id.*)

A requests for the production of documents by a third party is governed by Rule 45. *See* Fed.R.Civ.P. 45. Even though Plaintiff requested the production of documents from the Sterling Heights Police Department under the Freedom of Information Act, he has not properly served the

2

Department with a subpoena under Rule 45.[1] Fed.R.Civ.P. 45(b). The Court is without authority to compel the production of documents from a nonparty who has not been properly served with a subpoena. Therefore, the Court will deny Plaintiff's Ex-Parte Motion to Compel with respect to the Sterling Heights Police Department.

In Plaintiff's Supplemental Brief, he also requests–for the first time–that the Court order Defendants A-1, Maddock, Criminal Apprehension, Eskamalaji, and Lockhart to disclose the identity, address, and phone number of Defendant Thomas. (*Id.* at 3.) Such a request as part of a Supplement filing is improper as it was not part of Plaintiff's Motion. Moreover, a request for information from another party is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 26 - 37. Plaintiff has failed to direct the Court to any prior request for this information from any of the Defendants whatsoever, let alone a request pursuant to the Rules. Therefore, even if the Court were to consider Plaintiff's request as part of his Ex-Parte Motion to Compel, the Court would deny the Motion with respect to Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Ex-Parte Motion to Order Production of Unredacted Police Report [4] is **DENIED**.

---

[1] Plaintiff does not even indicate whether he has subsequently requested the redacted information from the Department. Plaintiff did not serve the Department with a copy of the instant Motion. (Docket no. 4 at 4.)

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 22, 2012         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 22, 2012         s/ Lisa C. Bartlett
                                Case Manager